NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0111n.06

No. 09-3632

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 15, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| GOURA NDIAYE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR.., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: MARTIN, BOGGS, and COOK, Circuit Judges.

COOK, Circuit Judge. In October 2007 Goura Ndiaye, a native and citizen of Mauritania, applied for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158, 1231(b)(3). An immigration judge denied his applications because Ndiaye failed to establish either past persecution or a well-founded fear of future persecution. The Board of Immigration Appeals ("BIA") then dismissed his appeal. We affirm.

Even if we agree with all of Ndiaye's appellate arguments in this case, he still loses. Regardless of any error in the BIA's adverse rulings on credibility and corroborating evidence, the BIA—crediting Ndiaye and his evidence of past persecution—further denied him asylum because conditions in Mauritania have changed since his departure. *See* 8 C.F.R. § 208.13(b)(1)(i)(A); *Ly v. Holder*, No. 09-3545, 2010 WL 3724607, at *4–5 (6th Cir. Sept. 16, 2010) (explaining that proof

of past persecution raises a presumption of a well-founded fear of future persecution, a presumption the government may rebut with evidence of changed country conditions). Ndiaye does not contest this changed-country-conditions finding on appeal, and, as explained below, substantial evidence supports it. *See Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) ("This Court reviews . . . the BIA's factual findings under the substantial-evidence standard.").

First, the record includes the U.S. Department of State country reports for Mauritania for 2004, 2005, and 2006, which detail changes in the country since Ndiaye left. As the BIA noted, these reports demonstrate that (1) "[r]efugees from Senegal"—like Ndiaye—"continue to return independently to Mauritania in small numbers"; (2) the refugees "have benefitted from various agro-forestry, health, and sanitation projects conducted by NGOs and humanitarian workers"; and (3) "[a]lthough the cooperation of local authorities has varied greatly, many returnees have regained their original homes, some property, and at least a portion of their land." *In re Ndiaye*, No. A079-566-564, at 2 (B.I.A. May 11, 2009) (decision dismissing appeal). The reports thus constitute substantial evidence of changed country conditions in Mauritania. *See Sall v. Gonzales*, 239 F. App'x 975, 981 (6th Cir. 2007) (relying on the 2003 State Department country report for Mauritania); *see also Ly*, 2010 WL 3724607, at *6 ("We have recently upheld findings in several cases that the changed country conditions in Mauritania reduce any objective fear of future persecution.").

Second, after the government rebutted the presumption of a well-founded fear of persecution, Ndiaye presented no evidence contradicting the State Department reports. Though he claims to fear future persecution because of his political opinions, he offers no supporting evidence, and, as a result, cannot show that the Mauritanian government (or any other force) continues to harbor an interest in him. *See, e.g.*, *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004) (denying asylum where, in response to evidence of changed country conditions, petitioner failed to "demonstrate[] that the current government . . . would target her for persecution").

Because Ndiaye fails to meet his burden of proof for asylum, he also fails to satisfy the higher burden required to establish eligibility for withholding of removal. *See Rreshpja v. Gonzales*, 420 F.3d 551, 557 (6th Cir. 2005). We therefore affirm the BIA's decision.